UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESLIE NICOLE ROBERTS,

       Plaintiff,

v.                              CASE No. 8:17-cv-1870-T-30TGW

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,

       Defendant.

_____

REPORT AND RECOMMENDATION

       The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security fails to evaluate the opinions of three of the plaintiff's treating physicians, I recommend that the decision be reversed and remanded for further consideration.

---

[1]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was forty-nine years old at the time of the administrative hearing and who has some college education, has worked as an airline ticket agent and a printed circuit board reworker (Tr. 51, 54, 78).[2] She filed claims for Social Security disability benefits, alleging that she became disabled on August 23, 2013, due to narcolepsy without cataplexy, recurrent depression psychosis-moderate, central sensitization syndrome, fibromyalgia, anxiety disorder generalized and agoraphobia with panic, obsessive compulsive disorder, leukocytosis, anemia, unspecified/normocytic and hypotension, orthostatic, syncope/presyncope/vasovagal attack, peripheral neuropathy, and idiopathic peripheral autonomic neuropathy (Tr. 248, 249). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of hypotension, neuropathy, anemia, cataplexy with

---

[2]According to a Disability Report - Adult - Form SSA-3368, it states the plaintiff completed two years of college (Tr. 249). Various treatment notes state that the plaintiff is "in the fourth year of college, and third postgraduate year completed" (see e.g., Tr. 492, 525, 545).

narcolepsy, obesity, peripheral artery disease (PAD), carpal tunnel syndrome

(CTS), sicca syndrome, fibromyalgia, degenerative joint disease, and

degenerative disc disease (20 CFR 404.1520(c)) (Tr. 12). She concluded that,

with these impairments (Tr. 15),

> the claimant has the residual functional capacity to
> perform sedentary work as defined in 20 CFR
> 404.1567(a) except that she will need a sit/stand
> option, which means the claimant requires the
> ability to shift positions between sitting and
> standing. Furthermore, she is limited to lifting 10
> pounds occasionally and only occasional pushing
> and pulling with the bilateral lower extremities.
> She can only occasionally perform the postural
> activities, including crouching, kneeling,
> balancing, stooping, crawling, and climbing ramps
> and stairs, except that she can never climb ladders,
> ropes, or scaffolds. She is limited to no more than
> frequent right-sided fingering and handling; can
> never reach overhead with the right upper
> extremity; and cannot have more than occasional
> exposure to extreme temperatures or vibrations;
> and can never be exposed to hazards such as
> unprotected heights and moving machinery. She
> will need to work in an area where she is permitted
> to have a bottle of water with a sports top to avoid
> spills. Finally, due to pain and medication side
> effects, the claimant is limited to simple routine
> tasks; simple decision making; and no work at
> production pace, which means work for which she
> is paid by the piece or on an assembly line.

The law judge found that, with these limitations, the plaintiff was unable to perform any past relevant work (Tr. 18). However, based on the testimony of a vocational expert, the law judge determined that the plaintiff could perform other jobs that exist in significant numbers in the national economy, such as document preparer, order clerk/food and beverage, and call out operator/credit checker (Tr. 19). Accordingly, she decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

-4-

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff challenges the law judge's decision on three grounds. The plaintiff argues that the law judge (1) "erred in mechanically applying the age criteria of the Medical Vocational Guidelines," (2) "failed to apply the correct legal standards to the opinion of [the plaintiff's] treating physician," and (3) "failed to apply the correct legal standards to the medical opinions of record" (Doc. 17, p. 1). The plaintiff argues meritoriously that the law judge did not appropriately explain her basis in discounting the opinions of three treating physicians.

The opinions of treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such

-6-

weight. <u>Phillips</u> v. <u>Barnhart</u>, 357 F.3d 1232, 1240 (11th Cir. 2004).  Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records.  <u>Lewis</u> v. <u>Callahan</u>, 125 F.3d 1436, 1440 (11th Cir. 1997).  Moreover, the law judge "must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error."  <u>Id</u>.

The law judge does not analyze or state the weight given to three treating physicians' opinions, Dr. Joseph Cozzolino, Dr. Chirag Shah, and Dr. Allauddin Khan.  In fact, the law judge did not even mention their findings or opinions.  Importantly, the law judge is required to state with particularity the weight she gives to medical opinions and the reasons for that weight. <u>Sharfarz</u> v. <u>Bowen</u>, 825 F.2d 278, 279 (11th Cir.1987); <u>Dempsey</u> v. <u>Commissioner of Social Security</u>, 454 Fed. Appx. 729, 732 (11th Cir. 2011). The Eleventh Circuit explained:

> What is required is that the ALJ state specifically the weight accorded to each item of evidence and why [s]he reached that decision. In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on

-7-

> the merits of the claim is rational and supported by substantial evidence. Unless the [law judge] has analyzed all evidence and has sufficiently explained the weight [s]he has given to obviously probative exhibits, to say that h[er] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (quotations and citations omitted); see also Lewis v. Callahan, supra, 125 F.3d at 1440 (the law judge must specify her reasons for giving no weight to the opinion of a treating physician and the failure to do so is reversible error).

Dr. Cozzolino routinely diagnosed the plaintiff with various ailments including fibromyalgia, idiopathic peripheral autonomic neuropathy, and peripheral neuropathy, among others (see, e.g., Tr. 544, 548, 552, 555). In September 2013, Dr. Cozzolino also indicated that the plaintiff has narcolepsy with cataplexy (Tr. 544). In various treatment notes, Dr. Cozzolino stated that the plaintiff has muscle aches, chronic pain, and fatigue (see, e.g., 546, 552, 554, 557). On May 9, 2013, Dr. Cozzolino wrote in his treatment note, "moderate to severe symptoms, progressively worse, constant. can't sit in chair for long at work without pain" (Tr. 561). Dr. Cozzolino

noted that the plaintiff was "missing work, may need fmla [Family Medical Leave] paperwork" (Tr. 563). Later that month, Dr. Cozzolino, noted that the plaintiff's "[c]hronic problem: worsening" (Tr. 559). In July and September 2013, Dr. Cozzolino again indicated that the plaintiff had "moderate to severe symptoms, progressively worse, constant" (Tr. 544, 552). On September 4, 2013, under the Plan section of his treatment notes, Dr. Cozollino wrote (Tr. 546):

> disability paperwork
> double dose of cymbalta for mood and fibromyalgia
> ....
> narcolepsy, encourage use of nuvigil
> w[eigh]t loss hand out also, but can[']t do with nuvigil

Thus, based on Dr. Cozollino's treatment notes, he opined that the plaintiff's condition was worsening, he was completing disability paperwork and advised the plaintiff about weight loss, which she could not do based on her medication. Further, Dr. Cozzolino's treatment note dated May 9, 2013, stated the plaintiff is unable to sit in a chair for a long period of time without pain, which counters the law judge's finding that the plaintiff can perform sedentary work.

The defendant concedes that the law judge did not discuss Dr. Cozzolino's opinion.   Rather, the defendant asserts reasons why Dr. Cozzolino's opinion can be discounted and contends any failure by the law judge to not discuss the opinion is harmless error (see Doc. 18, p. 19). However, the reasons set forth by the defendant in purporting to discount the doctor's opinion were not stated by the law judge.

As indicated, the law judge does not mention Dr. Cozzolino's findings in her decision, let alone state the weight she accorded to the doctor's opinions.  Eleventh Circuit decisions repeatedly hold that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." Winschel v. Commissioner of Social Security, 631 F.3d 1176, 1179 (11th Cir. 2011); see also Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987) ("The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error.").  Accordingly, "[w]ithout an explanation of the weight accorded by the ALJ, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Lawton v. Commissioner of Social

Security, 431 Fed. Appx. 830, 834 (11th Cir. 2011); see also Ryan v. Heckler,
762 F.2d 939, 941 (11th Cir. 1985).

Moreover, the law judge must specify her reasons for
discounting Dr. Cozzolino's opinions.  See Lewis v. Callahan, supra, 125
F.3d at 1440 (the law judge must specify her reasons for giving no weight to
the opinion of a treating physician and the failure to do so is reversible error);
Schnorr v. Bowen, supra, 816 F.2d at 581.  Thus, absent specification of those
findings, meaning judicial review is not possible.  Ryan v. Heckler, supra,
762 F.2d at 941-42; Hudson v. Heckler, 755 F.2d 781, 785-86 (11th Cir.
1985).

The law judge's failure to assign weight to the opinion of Dr.
Cozzolino, let alone not mentioning it in her decision, cannot be excused
"simply because some rationale might have supported the [law judge's]
conclusion."  Winschel v. Commissioner of Social Security, supra, 631 F.3d
at 1179.  Contrary to the defendant's position, post hoc rationalizations by
litigating counsel do not provide the proper basis for judicial review.  See
Motor Vehicle Manufacturers Association of the United States, Inc. v. State
Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983); see also

Michigan v. Environmental Protection Agency, __ U.S. __, 135 S.Ct. 2699, 2710 (2015) ("the foundational principle of administrative law [is] that a court may uphold agency action only on the grounds that the agency invoked when it took the action"). Rather, the responsibility for determining the weight afforded to a medical source's opinion is placed with the law judge, and not with the Commissioner's lawyer. See Hubbard v. Colvin, 643 Fed. Appx. 869, 873 (11th Cir. 2016) ("[W]e decline to affirm using reasoning that might have supported the ALJ's conclusion but was not offered by the ALJ h[er]self."). Because the law judge did not discuss the treatment records from Dr. Cozzolino, it is unknown whether she discounted them or simply overlooked them.[3]

The defendant is correct that the question of whether the plaintiff is disabled is a matter reserved to the Commissioner. However, "while an ALJ is not permitted to give a treating physician's opinion on an issue reserved to the Commissioner controlling weight, [s]he is required to consider it." Lawton v. Commissioner of Social Security, supra, 431 Fed. Appx. at

---

[3]Notably, the administrative record of 1001 pages was split into 19 appendices (Doc. 13). Thus, it is conceivable that the medical records of the three treating doctors whose reports were not mentioned were simply overlooked.

835. On this point, Social Security Ruling 96-5p, 1996 WL 374183 (S.S.A.), expressly states that "opinions from any medical sources about issues reserved to the Commissioner must never be ignored, and that the ... decision must explain the consideration given to the treating source's opinion(s)." Therefore, assuming that Dr. Cozzolino's findings and opinions all fall into the category of issues reserved to the Commissioner (and that is not clear), the law judge's failure to evaluate Dr. Cozzalino's opinion cannot be excused on the ground that the opinions were on matters reserved to the Commissioner.

Therefore, it is appropriate to remand this matter for further proceedings. See Dempsey v. Commissioner of Social Security, supra, 454 Fed. Appx. at 732 ("when the ALJ fails to state with sufficient clarity the grounds for h[er] evidentiary decisions, we will not affirm simply because some rationale might have supported the ALJ's conclusion, and instead remand for further findings at the administrative hearing level"). The plaintiff requested a reversal with an award of benefits (Doc. 17, p. 16). However, the appropriate remedy is to remand the case for further consideration. See Lawton v. Commissioner of Social Security, supra, 431 Fed. Appx. at 835.

As indicated, the law judge in her decision does not evaluate or assign weight to two other treating physicians' opinions, Dr. Kahn and Dr. Shah.   Dr. Shah opined that the plaintiff has fatigue/malaise/weakness, fibromyalgia/myalgia, narcolepsy with CAT (cataplexy), peripheral neuropathy, and idiopathic peripheral automatic neuropathy (see, e.g., Tr. 520, 522, 524, 526).  Notably, Dr. Shah wrote on January 7, 2014, that the plaintiff "[m]ay need to change work to part-time due to her ongoing symptoms" (Tr. 527).  A few months later, Dr. Shah wrote that he "will extend her medical leave for another 4 weeks" (Tr. 535).  Thus, Dr. Shah opined that the plaintiff may be unable to work full time due to her conditions, and consequently, continued her medical leave from work.

Dr. Khan similarly opined that the plaintiff has fibromyalgia, idiopathic peripheral autonomic neuropathy, narcolepsy with cataplexy, fatigue, malaise, and weakness (see, e.g., Tr. 656, 662).  On June 6, 2013, Dr. Khan performed a review of the plaintiff's system (Tr. 665).  Dr. Khan concluded that the review had findings of (id.):

> Pain all over
> Neck pain radiates up to the head, pressure-like is
> constant, with decreased range of motion.

-14-

> ...
> Back pain.
> Nervousness.
> Fatigue.
> Weakness of muscles/joints, generalized.
> ....
> Swelling of the mid abdomen when sitting long periods.

Dr. Khan under the Assessment section wrote (Tr. 666):

> Generalized symptoms of aches and pains, burning
> mouth syndrome, generalized anxiety, possible
> PTSD in relation to recent experiences with her
> complicated hysterectomy, ongoing litigation,
> overwhelming feeling of helplessness and guilt.
>
> Mild distal shading of sensation is likely to mild
> distal polyneuropathy. Etiology unclear. Likely
> related to prediabetes/metabolic syndrome with
> recent 25 lbs weight gain. Autonomic involvement
> is minimal and part of this polyneuropathy. Her
> above mentioned symptoms are not secondary to
> this.

Dr. Kahn advised the plaintiff to see a hematologist for anemia, a psychiatrist (which was already done), and advised the plaintiff to return to his office on an as needed basis (Tr. 667). Notably, in these treatment notes Dr. Kahn, similar to Dr. Cozzolino, indicated that the plaintiff has a problem with sitting (see Tr. 665). Further, the following year, on January 13, 2014, Dr. Kahn again assessed the plaintiff as having fibromyalgia with the addition of central

-15-

sensitivity syndrome (Tr. 659). Dr. Kahn wrote the plaintiff "is presently considered disabled" (id.).

The defendant asserts reasons why the opinions of Dr. Shah and Dr. Khan should be discounted (Doc. 18, pp. 16-19, 20). In particular, the defendant argues essentially that the law judge did not commit reversible error by not addressing these opinions because the doctors' opinions regarding disability is a matter reserved to the Commissioner. However, as previously explained, that circumstance does not excuse the failure to mention Dr. Shah and Dr. Kahn. Moreover, a deficient decision by the law judge cannot be remedied with post hoc rationalizations of defense counsel. See Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., supra, 463 U.S. at 50.

Notably, the remand does not mean that the law judge must accept or credit the findings of the three doctors. Thus, the law judge may reject the opinions. The law judge, however, must articulate in her explanation good cause for rejecting the opinions. See Lewis v. Callahan, supra.

As indicated, the plaintiff raises other challenges to the law judge's decision.    However, it is appropriate to pretermit those other contentions, since a new and different decision will be issued on remand.

IV.

For these reasons, I recommend that the decision be reversed and remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: AUGUST 29, 2018

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  11th Cir. R. 3-1.